UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. DANIEL J. RITACCA and <br> RITACCA LASER AND COSMETIC <br> SURGERY CENTER, S.C., <br><br> Plaintiffs, <br><br> v. <br><br> STORZ MEDICAL, A.G., CURAMEDIX, <br> and STEPHEN NELSON, <br><br> Defendants. | No. 12 C 8550 <br><br> Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Dr. Daniel J. Ritacca and Ritacca Laser and Cosmetic Surgery Center, S.C. (collectively "Plaintiffs") bring this action against Storz Medical, A.G. ("Storz"), Curamedix, and Stephen Nelson[1] alleging common law fraud and consumer fraud in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.* Presently before the Court is Curamedix's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to plead with the specificity required by Federal Rule of Civil Procedure 9(b). (R. 14, Def.'s Mot.) For the reasons stated below, the motion is granted.

## RELEVANT FACTS

Dr. Ritacca is a citizen and resident of Illinois, and Ritacca Laser and Cosmetic Surgery Center, S.C. is incorporated and based in Illinois. (R. 13, Am. Compl. at 2.) Curamedix is a Massachusetts LLC with its business headquarters located in Rhode Island. (*See id.*) Stephen

---

[1] Throughout the pleadings, Nelson's first name is spelled "Steven," "Steve," and "Stephen." Nelson has not filed any pleadings; absent any indication from the party himself as to which spelling is correct, the Court will use "Stephen," as it is spelled in Storz's removal notice. (R. 1, Notice of Removal.)

1

Nelson is the Vice President of Sales and Marketing for Curamedix. (*Id.*) Curamedix holds itself out as "an emerging leader in medical technology focused on the development, distribution and utilization of non-invasive technologies commonly referred to as EPAT," or Extracorporal Pulse Activation Technology. (R. 13, Am. Compl. at 2.)

Nelson, in his capacity as Curamedix's Vice President of Sales and Marketing, through various sales requests, sales materials, and direct conversations, made statements that persuaded Plaintiffs to purchase an EPAT device. (*Id.* at 2-3.) Nelson and Curamedix advised Plaintiffs that the EPAT device offered an efficient and non-invasive "multi-therapeutic solution" that was superior to other means of treatment.[2] (*Id.*) Plaintiffs allege that Curamedix touted the success rates and efficiency of its products on its "corporate websites" and within its sales materials, and that Curamedix claimed that these medical benefits were supported by various "studies" and medical reports. (*Id.* at 3.) Plaintiffs allege that the studies referred to by Curamedix's sales literature are not "recognized by any governmental or private agency" for certification of medical devices and are deceptive and self-serving sales materials. (*Id.*) Additionally, Plaintiffs allege that the EPAT device they purchased is not approved for use or distribution within the United States by the Food and Drug Administration. (*Id.*) Plaintiffs allege that Curamedix and Nelson made statements about the benefits and certifications of the EPAT device that they knew were false, or made the statements with reckless disregard for the truth, with the expectation that Plaintiffs would rely on those statements in making their purchase decision, which Plaintiffs did. (*Id.* at 4.) Plaintiffs further allege that Defendants' products turned out to be "ineffective" and "worthless for their stated purpose," which resulted in the loss of time and money for Plaintiffs and their patients. (*Id.*)

---

[2] Plaintiffs do not indicate what ailment or ailments Curamedix's EPAT device is meant to treat.

2

## PROCEDURAL HISTORY

On October 24, 2012, Storz removed this case to this Court from the Circuit Court of Cook County pursuant to 28 U.S.C. § 1441. (R. 1, Notice of Removal.) On that same day, Storz moved for dismissal based on lack of prosecution and insufficient service of process, (R. 5, Storz's Mot.), as well as lack of personal jurisdiction, (R. 6, Storz's Mot.). On October 31, 2012, the Court granted Storz's motions. (R. 12, Min. Entry.) The Court additionally dismissed the entire complaint without prejudice and granted Plaintiffs leave to file an amended complaint. (*Id.*)

On November 30, 2012, Plaintiffs filed an amended complaint naming only Nelson and Curamedix as defendants. (R. 13, Am. Compl.) In Count I, a common law fraud claim, Plaintiffs allege that Nelson and Curamedix made false statements in order to "induce Plaintiffs to purchase their products." (*Id.* at 5.) In Count II, Plaintiffs allege that Nelson and Curamedix engaged in consumer fraud in violation of the ICFA by "selling to Plaintiffs products which they knew or reasonably should have known were incapable of providing the results" they promised. (*Id.* at 5-6.) On December 13, 2012, Curamedix filed a motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6). (R. 14, Def.'s Mot.) That motion is presently before the Court.

## LEGAL STANDARD

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

3

*Reger Dev. LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

While liberal notice pleading under Rule 8(a) is sufficient for most complaints, Rule 9(b) imposes heightened requirements for certain matters, including fraud. Fed. R. Civ. P. 9(b). A complaint alleging fraud must state "with particularity the circumstances constituting fraud." *Id.* This means that plaintiffs must plead the "who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). While the circumstances constituting fraud must be pleaded with particularity, however, a defendant's "[m]alice, intent, knowledge [or] other conditions of . . . mind may be alleged generally." Fed. R. Civ. P. 9(b). Fraud claims based on state law, including those brought under the ICFA, are subject to the heightened pleading standard of Rule 9(b) when brought in federal court. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) (for allegations of "fraud under the ICFA, the heightened pleading standard of [Rule] 9(b) applies"); *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 470 (7th Cir. 1999) ("Rule 9(b)

requires heightened pleading of fraud claims in all civil cases brought in the federal courts, whether or not the applicable state or federal law requires a higher standard of proving fraud") (citing *Herman & McLean v. Huddleston*, 459 U.S. 375, 387-89 (1983)).

"This heightened pleading requirement is a response to the great harm to the reputation of a business firm or other enterprise a fraud claim can do." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (internal quotation marks omitted). Thus, a plaintiff claiming fraud must do more pre-complaint investigation "to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman*, 172 F.3d at 469. Put another way, Rule 9(b) seeks to discourage a "sue first, ask questions later" approach to fraud litigation. *Pirelli*, 631 F.3d at 441.

## ANALYSIS

### I.  Whether Plaintiffs plead with sufficient specificity to satisfy Rule 9(b)[3]

Curamedix argues that Plaintiffs have failed to plead with the specificity required by Rule 9(b) for allegations of fraud. (R. 16, Def.'s Mem. at 2.) Curamedix contends that Plaintiffs fail to allege: what fraudulent representations Nelson made; when, where, how, and to whom Nelson made those representations; how Nelson's statements were false or fraudulent; what sales

---

[3] As an initial matter, the Court declines to exercise its discretion to strike Curamedix's motion to dismiss for failing to comply with the Court's case management procedures. *See Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011) ("[T]he decision whether to apply [a] rule strictly or to overlook any transgression is one left to the district court's discretion.") (quoting *Little v. Cox's Supermarkets*, 71 F.3d 637 (7th Cir. 1995)). Although Curamedix failed to attach unpublished opinions to its motion, it promptly remedied its breach by attaching the offending cases to its next court filing. (R. 19, Def.'s Reply, Exs. 1-7.) Furthermore, Plaintiffs' argument that Curamedix's failure to attach the cases "deprived Plaintiffs' counsel of the opportunity to properly respond to the allegations," (R. 18, Pls.' Resp. at 4), is without merit as the Court was able to retrieve all but one of the cases on Westlaw through simple searches. Therefore, the Court declines to strictly enforce its case management procedures in this instance, *see Modrowski v. Pigatto*, No. 11-1327, — F.3d —, 2013 WL 1395696, at *3 (7th Cir. Apr. 8, 2013) ("[L]itigants have no right to demand strict enforcement of local rules by district judges."), and proceeds to consider the merits of Curamedix's motion to dismiss.

materials or Internet sites the complaint refers to and what fraudulent representations were made there; what Curamedix actually stated or represented about medical studies; and what results they allege Curamedix knew or should have known were impossible to attain with the EPAT device Plaintiffs purchased. (*Id.* at 3-6.)

Count I of Plaintiffs' amended complaint avers common law fraud, and Count II alleges "Consumer Fraud" under the ICFA. (R. 13, Am. Compl. at 5.) Both counts sound in fraud, so they both must satisfy Rule 9(b) pleading requirements. *Pirelli*, 631 F.3d at 441; *Ackerman*, 172 F.3d at 470. Because Plaintiffs provide one common set of facts to support both counts, the Court addresses the sufficiency of the pleadings of Counts I and II simultaneously.

Plaintiffs allege that Nelson, on behalf of Curamedix, represented that the EPAT device was an efficient means of non-invasive treatment for "various medical conditions." (R. 13, Am. Compl. at 4.) Plaintiffs allege that they relied on these statements, as well as information gleaned from websites indicating that the device had "European certification," when they purchased the EPAT device. (*Id.*) Plaintiffs further allege that purchasing the EPAT device was detrimental to them because it was "worthless" for its stated purpose and wasted Plaintiffs' money. (*Id.* at 4-5.) Plaintiffs allege that Curamedix and Nelson knew their statements were false and that they made the statements with the expectation that Plaintiffs would rely on them in deciding whether or not to purchase Curamedix's EPAT device. (*Id.* at 4.) Plaintiffs further allege that these events occurred in Illinois and that the purchase of the EPAT device occurred within the last three years. (*Id.* at 5-6.)

Plaintiffs' amended complaint falls far short of "the first paragraph of any newspaper story" standard outlined in *DiLeo*. 901 F.2d at 627. Plaintiffs' amended complaint leaves many serious and fundamental questions as to the "who, what, when, where, and how" of the alleged

fraud. *See id.* For example, Plaintiffs allege that they made their decision to purchase the EPAT device based on information they received from Nelson, the corporate websites, and printed sales material. (R. 13, Am. Compl. at 2-4.) They fail, however, to plead the specifics of what information Nelson provided to them that was allegedly fraudulent, when he provided it, whether it was communicated on a single instance or as part of ongoing communication with Plaintiffs, whether it was written or spoken, or any other details that would tend to show "that [P]laintiffs [did] their homework before filing suit." *Pirelli*, 631 F.3d at 439. Plaintiffs also fail to allege, *inter alia*, which websites the complaint refers to, what information was taken from the website or websites, or even whether the content of the website or websites was under the control of Curamedix. Plaintiffs do not even identify the EPAT device they purchased by name, and it is unclear in the complaint whether they purchased one or several devices. Basic questions such as these must be answered in order to satisfy Rule 9(b). Presented with Plaintiffs' amended complaint, the Court is unable to discern even the basic circumstances underlying this dispute.

Plaintiffs seem to confuse Rule 8(a) and Rule 9(b), as they argue that the complaint "complies with the heightened pleading standard discussed in [ ] *Twombly*." (R. 18, Pls.' Resp. at 3.) Plaintiffs additionally argue that they "have gone beyond merely reciting the elements of their claim." (*Id.*) Contrary to Plaintiffs' arguments, *Twombly* does not supply the governing pleading standard here. Where the allegations sound in fraud, Plaintiffs must do *more* than what is required under Rule 8(a); they must plead in detail the who, what, when, where, and how of the fraud they allege. *DiLeo*, 901 F.2d at 627 (citing Fed. R. Civ. P. 9(b)). In their complaint, Plaintiffs fail to provide sufficient details for this Court to determine that their allegations of fraud are "responsible and supported, rather than defamatory and extortionate," *Ackerman*, 172 F.3d at 469, and thus the complaint is dismissed.

7

## II. Whether dismissal of the complaint with prejudice is appropriate

Without citing to any case law, Curamedix next argues that Plaintiffs' complaint should be dismissed with prejudice because they have already had an opportunity to file an amended complaint. (R. 19, Def.'s Reply at 4.) The Court is mindful of the risk of wasting its and the parties' time. Nevertheless, Rule 15(a)(2) instructs that courts "should freely give leave [to amend] when justice so requires." The Supreme Court has stated that "this mandate is to be heeded," and that absent any good reason—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the opposing party, or futility—leave to amend should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Generally, if a district court dismisses for failure to state a claim, the court should give the party one opportunity to try to cure the problem, even if the court is skeptical about the prospects for success." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

Although Plaintiffs could have addressed the deficiencies of their complaint when granted leave to amend following the previous dismissal of their complaint, as Curamedix suggests they should have, the deficiencies that currently plague Plaintiffs' amended complaint were not the reason for dismissal at that time and were not briefed by the parties. (*See* R. 5, Storz's Mot.; R. 6, Storz's Mot.; R. 7, Storz's Mem.; R.12, Min. Entry.) Therefore, in the interest of justice, the Court will allow Plaintiffs the opportunity to amend their complaint to correct the deficiencies that have resulted in this dismissal.

## CONCLUSION

For the foregoing reasons, Curamedix's motion to dismiss (R. 14) is GRANTED. The amended complaint is dismissed without prejudice, and Plaintiffs are granted leave to amend and reinstate their claims, provided they are able to plead their claims with sufficient specificity to

meet the heightened pleading standard for fraud claims imposed by Rule 9(b).

ENTERED: /s/ Ruben Castillo
Judge Ruben Castillo
United States District Court

Dated: April 30, 2013

4-30-13