UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. DANIEL J. RITACCA and RITACCA LASER AND COSMETIC SURGERY CENTER, S.C., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 12 C 8550 |
| v. | ) ) ) | Chief Judge Ruben Castillo |
| STORZ MEDICAL, A.G., CURAMEDIX, and STEPHEN NELSON, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Dr. Daniel J. Ritacca and Ritacca Laser and Cosmetic Surgery Center, S.C. (collectively "Plaintiffs") bring this action against Storz Medical, A.G. ("Storz"), Curamedix, and Stephen Nelson alleging common law fraud and consumer fraud in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.* (R. 26, Second Am. Compl.) Presently before the court is Curamedix's motion to dismiss Plaintiffs' second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to plead with the specificity required by Federal Rule of Civil Procedure 9(b). (R. 27, Def.'s Mot.) For the reasons stated below, the motion is granted.

## RELEVANT FACTS

Dr. Ritacca is a citizen and a resident of Illinois, and Ritacca Laser and Cosmetic Surgery Center, S.C. is incorporated and based in Illinois. (R. 26, Second Am. Compl. at 2.) Curamedix is a Massachusetts LLC with its business headquarters located in Rhode Island. (*See id.*) Stephen Nelson is the Vice President of Sales and Marketing for Curamedix. (*Id.*) Curamedix

holds itself out to the public as "'an emerging leader in medical technology focused on the development, distribution and utilization of non-invasive technologies' commonly referred to as EPAT," or Extracorporal Pulse Activation Technology. (*Id.*)

Nelson, in his capacity as Curamedix's Vice President of Sales and Marketing, through various sales requests, sales materials, and direct conversations, made statements that persuaded Plaintiffs to purchase an EPAT device, specifically a D-Actor 200 "CelluPulse 200 System" (the "D-Actor 200"), in early 2010. (*Id.* at 2-3.) Plaintiffs were advised by Nelson and Curamedix that the device provided a surgical alternative "in the form of CelluPulse therapy," which is a "non-invasive treatment method to ensure effective and long-lasting treatment of age-related connective tissue weakness," including cellulite. (*Id.* at 3.) Plaintiffs allege that the success rates and the device's various benefits were touted on "corporate websites listed on the Internet" and within sales materials Nelson gave them. (*Id.*) Plaintiffs allege that the sales literature Nelson provided is self-serving and deceptive. (*Id.*) Additionally, Plaintiffs allege that Nelson and Curamedix made statements about the benefits and capabilities of the D-Actor 200 that they either knew were false or made with reckless disregard for the truth, knowing that Plaintiffs would reasonably rely on those statements in making their purchase decision, which Plaintiffs did. (*Id.* at 4.) Plaintiffs further allege that the D-Actor 200 is "worthless for its stated purpose" and "provided absolutely no benefit to any of Plaintiffs' patients," which resulted in loss of money and time for Plaintiffs and their patients. (*Id.* at 5.)

## PROCEDURAL HISTORY

On October 24, 2012, Storz removed this case to this Court from the Circuit Court of Cook County pursuant to 28 U.S.C. § 1441. (R. 1, Notice of Removal.) On that same day, Storz moved for dismissal based on lack of prosecution and insufficient service of process, (R. 5,

2

Storz's Mot.), as well as lack of personal jurisdiction, (R. 6, Storz's Mot.). On October 31, 2012, the Court granted Storz's motions. (R. 12, Min. Entry.) The Court additionally dismissed the entire complaint without prejudice and granted Plaintiffs leave to file an amended complaint. (*Id.*)

On November 30, 2012, Plaintiffs filed an amended complaint naming only Nelson and Curamedix as defendants. (R. 13, First Am. Compl.) On December 13, 2012, Curamedix filed a motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6). (R. 14, Def.'s Mot.) The Court granted that motion on April 30, 2013, dismissed the complaint without prejudice, and granted Plaintiffs leave to amend. (R. 25, Mem. Op. & Order.)

On June 4, 2013, Plaintiffs filed a second amended complaint. (R. 26, Second Am. Compl.) In Count I, a common law fraud claim, Plaintiffs allege that Nelson and Curamedix made false statements to induce them to purchase the D-Actor 200. (*Id.* at 4-5.) In Count II, Plaintiffs allege that Nelson and Curamedix engaged in consumer fraud in violation of the ICFA by "selling to Plaintiffs the device, which they knew or reasonably should have known as [sic] incapable of providing the results" that were promised by Nelson. (*Id.* at 6-7.) For both counts, Plaintiffs seek compensatory damages in excess of $75,000 and punitive damages against each remaining defendant in the amount of $5 million. (*Id.* at 5, 7.) On June 26, 2013, Curamedix filed a motion to dismiss the second amended complaint for failure to state a claim pursuant to Rule 12(b)(6). (R. 27, Def.'s Mot.) That motion is presently before the court.

## LEGAL STANDARD

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a Rule 12(b)(6) motion to dismiss,

3

the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Reger Dev. LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

While liberal notice pleading under Rule 8(a) is sufficient for most complaints, Rule 9(b) imposes heightened requirements for certain matters, including fraud. Fed. R. Civ. P. 9(b). A complaint alleging fraud must state "with particularity the circumstances constituting fraud." *Id.* This means that plaintiffs must plead the "who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). While the circumstances constituting fraud must be pleaded with particularity, however, a defendant's "[m]alice, intent, knowledge [or] other conditions of . . . mind may be alleged generally." Fed. R. Civ. P 9(b). Fraud claims based on state law, including those brought under the ICFA, are subject to the heightened pleading standard of Rule 9(b) when brought in federal court. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir.

2011) (for allegations of "fraud under the ICFA, the heightened pleading standard of [Rule] 9(b) applies"); *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 470 (7th Cir. 1999) ("Rule 9(b) requires heightened pleading of fraud claims in all civil cases brought in the federal courts, whether or not the applicable state or federal law requires a higher standard of proving fraud") (citing *Herman & McLean v. Huddleston*, 459 U.S. 375, 387-89 (1983)).

"This heightened pleading requirement is a response to the great harm to the reputation of a business firm or other enterprise a fraud claim can do." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (internal quotation marks omitted). Thus, a plaintiff claiming fraud must do more pre-complaint investigation "to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman*, 172 F.3d at 469. Put another way, Rule 9(b) seeks to discourage a "sue first, ask questions later" approach to fraud litigation. *Pirelli*, 631 F.3d at 441.

## ANALYSIS

Neither party disputes federal subject matter jurisdiction, but this Court must consider the issue on its own initiative. *Fid. & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264-65 (7th Cir. 1983). Plaintiffs aver that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, (R. 26, Second Am. Compl. at 1), which requires diversity of citizenship and that the amount in controversy exceed the statutory requirement of $75,000. 28 U.S.C. § 1332(a). Plaintiffs are citizens of Illinois, and Curamedix is a Massachusetts LLC with its business headquarters located in Rhode Island. (*Id.* at 2.) Plaintiffs seek compensatory damages in excess of $75,000, (*id.* at 5, 7), and Curamedix does not challenge that purported amount. The Court thus concludes that it has diversity jurisdiction to hear this action pursuant to 28 U.S.C. § 1332(a).

5

I.  **Whether Plaintiffs plead with sufficient specificity to satisfy Rule 9(b)(3)**

Curamedix argues that Plaintiffs have again failed to plead with the specificity required by Rule 9(b) for allegations of fraud. (R. 28, Def.'s Mem. at 1.) Curamedix contends that Plaintiffs fail to allege: what fraudulent representations Nelson purportedly made; where, when, how, and to whom Nelson made those representations; what part of Nelson's statements were false or fraudulent; what sales materials or "corporate websites" Plaintiffs relied on and what fraudulent representations were made there; what medical studies Plaintiffs relied on and what those studies stated about the efficacy of the device; and what precisely made the device "unfit for its ordinary purpose." (*Id.* at 5-9.)

Count I of Plaintiffs' second amended complaint alleges common law fraud, and Count II alleges "Consumer Fraud" under the ICFA. (R. 26, Second Am. Compl. at 4-6.) Both counts sound in fraud, so they both must satisfy Rule 9(b) pleading requirements. *Pirelli*, 631 F.3d at 441; *Ackerman*, 172 F.3d at 470. Because Plaintiffs provide one common set of facts to support both counts, the Court addresses the sufficiency of the pleadings of Counts I and II simultaneously.

Plaintiffs allege that Nelson, on behalf of Curamedix, represented that the D-Actor 200 provided efficient and recognized medical treatment for conditions such as cellulite and was capable of a "broad range of non-invasive applications." (R. 26, Second Am. Compl. at 3-4.) Plaintiffs allege that they relied on these statements, as well as medical studies purportedly supporting the efficiency and benefits of the D-Actor 200, in deciding to purchase the device. (*Id.* at 4.) Plaintiffs allege that purchasing the D-Actor 200 was detrimental to them because it was "worthless" for its stated purpose and provided "no benefit" to any of Plaintiffs' patients, wasting Plaintiffs' time and money. (*Id.* at 4-5.) Plaintiffs allege that Nelson and Curamedix

6

knew or reasonably should have known that their statements were false and that they made those statements with the expectation that Plaintiffs would rely on them in deciding whether to purchase the D-Actor 200. (*Id.* at 4.) Plaintiffs further allege that they purchased the D-Actor 200 in Illinois in early 2010. (*Id.* at 5-6.)

Plaintiffs' second amended complaint, like the first, fails to satisfy "the first paragraph of any newspaper story" standard described in *DiLeo*. 901 F.2d at 627. The second amended complaint fails to answer the fundamental questions as to the "who, what, when, where, and how" of the alleged fraud. *See id.* Plaintiffs again fail to provide the specifics of what allegedly fraudulent information Nelson provided them, whether that information was communicated in a single instance or as part of ongoing communications with Plaintiffs, when in 2010 the communication took place, whether it was written or spoken, or other details that would tend to show "that [P]laintiffs [did] their homework before filing suit." *Pirelli*, 631 F.3d at 439. Plaintiffs' second amended complaint offers no more information than the first amended complaint about what website or websites the complaint references, the content of the website or websites, what information was taken from the website or websites, what information was allegedly false or fraudulent, or even whether the content of the website or websites was under the control of Curamedix. Although plaintiffs have improved upon their first amended complaint by identifying the specific device they purchased from Curamedix (the D-Actor 200), the medical condition the device was intended to treat (cellulite), and the time period in which the sales process took place ("early 2010"), more detail is required to satisfy Rule 9(b).

Plaintiffs again appear to confuse the requirements of Rule 8(a) and Rule 9(b), stating that they are only required to plead "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (R.

7

31, Pls.' Resp. at 3) (quoting *Kyle v. Morton High School*, 144 F.3d 448, 454 (7th Cir. 1998)). The standard referred to in *Kyle* is the pre-*Twombly* Rule 8(a) pleading standard, not the heightened pleading standard required by Rule 9(b) for allegations of fraud. *See Kyle*, 144 F.3d at 455 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Plaintiffs are correct in stating that they are not required to "lay out all evidence that would support their claim," (R. 31, Pls.' Resp. at 3); because their allegations sound in fraud, however, they must plead in detail the who, what, when, where, and how of the alleged fraud, *DiLeo*, 901 F.2d at 627 (citing Fed. R. Civ. P. 9(b)). The second amended complaint suffers from the same insufficiency of detail as the first, and thus the complaint is dismissed.

## II. Whether dismissal of the complaint with prejudice is appropriate

Citing to *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010), Curamedix argues that Plaintiffs' complaint should be dismissed with prejudice because this is Plaintiffs' second amended complaint. (R. 28, Def.'s Mem. at 9-10.) "Generally, if a district court dismisses for failure to state a claim, the court should give the party *one* opportunity to try to cure the problem, even if the court is skeptical about the prospects for success." *Bausch*, 630 F.3d at 562 (7th Cir. 2010) (emphasis added). Although Rule 15 states that courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), it "does not command leave be granted every time," *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 759 (7th Cir. 2002). Good reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed*, undue prejudice to the opposing party," and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added).

The Court dismisses Plaintiffs' second amended complaint for the same reason that it dismissed their first amended complaint. The Court granted Plaintiffs leave to amend their first amended complaint "provided they [were] able to plead their claims with sufficient specificity to meet the heightened pleading standard for fraud claims imposed by Rule 9(b)." (R. 25, Mem. Op. and Order at 8-9.) Plaintiffs have failed to do so and made little effort to address the deficiencies the Court clearly and explicitly directed them to correct. The Court has no reason to believe that Plaintiffs would heed the Court's instructions this time if they were allowed another opportunity to amend; thus, it would be a waste of the parties' time and of judicial resources to allow Plaintiffs another futile amendment. Plaintiffs' failure to cure deficiencies the Court specifically identified merits dismissal with prejudice.

## CONCLUSION

For the foregoing reasons, Curamedix's motion to dismiss Plaintiffs' second amended complaint (R. 27) is GRANTED. The amended complaint is dismissed with prejudice.

ENTERED: /s/
**Chief Judge Ruben Castillo**
**United States District Court**

Dated: October 4, 2013

9