

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. DANIEL J. RITACCA and <br> RITACCA LASER AND COSMETIC <br> SURGERY CENTER, S.C., <br><br> Plaintiffs, <br><br> v. <br><br> STORZ MEDICAL, A.G., CURAMEDIX, <br> and STEPHEN NELSON <br><br> Defendants. | No. 12 C 8550 <br><br> Chief Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Dr. Daniel J. Ritacca and Ritacca Laser and Cosmetic Surgery Center, S.C. (collectively, "Plaintiffs") bring this action against Storz Medical, A.G. ("Storz"), Curamedix, and Stephen Nelson alleging common law fraud and consumer fraud in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.* (R. 26, Second Am. Compl.) Plaintiffs now ask the Court to reconsider its October 4, 2013 memorandum opinion and order granting Curamedix's motion to dismiss Plaintiffs' second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 36, Pls.' Mot.) For the reasons stated below, Plaintiffs' motion is denied.

## PROCEDURAL HISTORY

On February 27, 2012, Plaintiffs filed a state court complaint alleging two counts of fraud against Storz, Curamedix, and Nelson, which Storz removed to this Court. (R. 1, Removal Not.) The Court has provided a description of the complaint's claims and facts in two previous opinions, with which the Court presumes familiarity. *Ritacca v. Storz Med., A.G.*, 291 F.R.D. 176, 177-78 (N.D. Ill. 2013) ("*Ritacca I*"); *Ritacca v. Storz Med., A.G., Curamedix*, No. 12 C

8550, 2013 WL 5550390, at *1-2 (N.D. Ill. Oct. 4, 2013) ("*Ritacca II*"). On October 24, 2012, Storz filed motions to dismiss the complaint for lack of prosecution and insufficient service of process, (R. 6, Storz's Mot.), as well as lack of personal jurisdiction, (R. 7, Storz's Mot.), which the Court granted a week later. (R. 12, Min. Entry.) The Court also dismissed Plaintiffs' entire complaint without prejudice and granted them leave to file an amended complaint. (*Id.*)

On November 30, 2012, Plaintiffs filed their amended complaint, this time naming only Nelson and Curamedix (collectively, "Defendants") as opposing parties. (R. 13, First Am. Compl.) In Count I, a common law fraud claim, Plaintiffs alleged that Defendants made false statements on their "corporate websites" and in "sales material" to induce Plaintiffs to purchase a medical device. (*Id.* at 3-5.) In Count II, Plaintiffs alleged that Defendants committed fraud in violation of the ICFA by "selling to Plaintiffs products which they knew or reasonably should have known were incapable of providing the results" Defendants promised. (*Id.* at 5-6.) Curamedix moved to dismiss the amended complaint for failure to state a claim on December 13, 2012. (R. 14, Curamedix's Mot.) The Court granted that motion on April 30, 2013, and dismissed the complaint without prejudice. (R. 25, Mem. Op. & Order.) The Court granted Plaintiffs leave to amend, "provided they [were] able to plead their claims with sufficient specificity to meet the heightened pleading standard for fraud claims imposed by Rule 9(b)." *Ritacca I*, 291 F.R.D. at 180-81.

Plaintiffs filed their second amended complaint on June 4, 2013, alleging the same two counts of fraud as in their first amended complaint. (R. 26, Second Am. Compl.) Curamedix moved to dismiss the second amended complaint for failure to state a claim. (R. 27, Curamedix's Mot.) The Court granted Curamedix's motion on October 4, 2013, and dismissed the complaint with prejudice. *Ritacca II*, 2013 WL 5550390, at *5. The Court "dismisse[d]

Plaintiffs' second amended complaint for the same reason that it dismissed their first amended complaint," finding that Plaintiffs "made little effort to address the deficiencies the Court clearly and explicitly directed them to correct." *Id.* at *4. The Court simultaneously entered judgment for Defendants. (R. 35, Judgment.)

On October 15 and 17, 2013, Plaintiffs filed two identical motions requesting that this Court reconsider its memorandum opinion and order from October 4th pursuant to Rule 59(e). (R. 36, Pls.' Rule 59(e) Mot.; R. 37, Pls.' Rule 59(e) Mot.)[1] In these motions, Plaintiffs argue that the Court erred in dismissing Plaintiffs' ICFA claim. (R. 36, Pls.' Rule 59(e) Mot. at 2.) Plaintiffs thus ask the Court to reconsider its dismissal of Count II with prejudice and either allow Count II to go forward as pleaded in the second amended complaint or allow Plaintiffs to file a third amended complaint, limited to their ICFA claim. (*Id.* at 5-6.)

## LEGAL STANDARDS

The dismissal of an action "ends the litigation and forces the plaintiff to choose between appealing the judgment or moving to reopen the judgment and amend the complaint pursuant to [Federal Rule of Civil Procedure] 59 or Rule 60." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1020 (7th Cir. 2013) (quoting *Benjamin v. United States*, 833 F.2d 669, 671 (7th Cir. 1987)). Rule 59(e) "enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). For a motion to alter or amend a judgment pursuant to Rule 59(e) to succeed, the movant "must demonstrate a manifest error of law or fact or present newly discovered evidence." *Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011). A manifest error of law under Rule 59(e) is the "wholesale disregard, misapplication,

---

[1] For the sake of convenience, the Court cites only the first of Plaintiffs' motions to reconsider (R. 36). Because the motions are identical, the Court's analysis applies to both.

or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). This is a high standard that is "not demonstrated by the disappointment of the losing party." *Id.*

A "motion to alter or amend a judgment is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (internal citations omitted). Nor should a movant seek to rehash previously rejected arguments. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). "Once judgment has been entered, there is a presumption that the case is finished, and the burden is on the party who wants to upset that judgment to show the court that there is good reason to set it aside." *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009). Whether to grant a motion to reconsider is a matter squarely within the Court's discretion. *Caisse Nationale*, 90 F.3d at 1270.

A Rule 12(b)(6) motion "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" and a "formulaic

recitation of the elements of a cause of action" are insufficient to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). A claim has facial plausibility when its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

While liberal notice pleading under Rule 8(a) is sufficient for most complaints, Rule 9(b) imposes heightened requirements for certain matters, including fraud. Fed. R. Civ. P. 9(b). A complaint alleging fraud "must state with particularity the circumstances constituting fraud[.]" *Id.* This means that plaintiffs must plead "the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Fraud claims based on state law, including those brought under the ICFA, are subject to the heightened pleading standard of Rule 9(b) when brought in federal court. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) (for allegations of "fraud under the ICFA, the heightened pleading standard of [Rule] 9(b) applies"); *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 470 (7th Cir. 1999) ("Rule 9(b) requires heightened pleading of fraud claims in all civil cases brought in the federal courts, whether or not the applicable state or federal law requires a higher standard of proving fraud").

## ANALYSIS

Plaintiffs assert that the Court committed a manifest error of law in finding that Plaintiffs failed to plead a consumer fraud claim under the ICFA. (R. 36, Pls.' Rule 59(e) Mot. at 1-2.) Plaintiffs contend that the Court should have construed the allegations of Count II, the ICFA claim, differently than the allegations of Count I, the common law fraud claim, because common

law fraud and consumer fraud claims have different elements. (*Id.* at 2-3.) In support of their argument that the Court committed a manifest error of law, Plaintiffs cite *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570 (7th Cir. 2001). (*Id.* at 3.) In *Cozzi*, the Seventh Circuit stated that to plead an ICFA violation, a plaintiff must allege: (1) "a deceptive act or practice," (2) the defendant's intent that the plaintiff rely on the deception, and (3) "that the deception occurred in the course of conduct involving trade and commerce." 250 F.3d at 575-76. Plaintiffs argue that they sufficiently pleaded an ICFA claim because they alleged these three elements. (R. 36, Pls.' Rule 59(e) Mot. at 3-4.) Plaintiffs thus urge the Court to reconsider its dismissal because the reasonableness of Plaintiffs' reliance on the alleged deception is not properly addressed on a motion to dismiss. (*Id.* at 3-5.) Plaintiffs maintain that because reliance is not a required element of a fraud claim under the ICFA, as it is of a common law fraud claim, "this Court erred in rejecting the sufficiency of the allegations in Count II that identified the product by name, identified the statements that the product was suitable as a medical device, and alleged that the device is in fact worthless for *any* medical purpose whatsoever." (*Id.* at 5.)

These arguments ignore the reasoning the Court provided for its dismissal of the second amended complaint—Plaintiffs failed to comply with Rule 9(b)'s heightened pleading standards. *See Ritacca II*, 2013 WL 5550390, at *4. Rule 9(b) requires pleading "the who, what, when, where, and how" of the fraud, *DiLeo*, 901 F.2d at 627, which Plaintiffs failed to do by failing to allege, *inter alia*, which websites contained fraudulent information, when and how Defendants communicated the allegedly fraudulent information to Plaintiffs, and the nature of the fraudulent information. *See Ritacca II*, 2013 WL 5550390, at *4. After the Court's dismissal of Plaintiffs' first amended complaint for failure to allege these details, Plaintiffs' second amended complaint contained few additions and thus "suffer[ed] from the same insufficiency of detail as the first"

6

amended complaint. *Id.* at *4. As the Court explained in both of its prior opinions, *id.* at *3-4; *Ritacca I*, 291 F.R.D. at 179-80, Plaintiffs neglected to conduct the "precomplaint investigation" necessary to ensure "the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman*, 172 F.3d at 469.

Plaintiffs' dependence on *Cozzi* is misplaced. In *Cozzi*, the Seventh Circuit found the plaintiff's allegations of "justifiable reliance" in a common law fraud claim implausible and thus affirmed the dismissal of that claim. *See Cozzi*, 250 F.3d at 575. The court permitted the plaintiff's ICFA claim to proceed, however, because reliance is not a necessary element of a consumer fraud claim under the ICFA. *Id.* at 576. The reasoning of *Cozzi* would be applicable here if, as Plaintiffs seem to believe, this Court had dismissed their second amended complaint for a failure to allege reliance; but it did not. *See Ritacca II*, 2013 WL 5550390, at *3-5. The Seventh Circuit's holding in *Cozzi* does not change the requirement that fraud claims under the ICFA must be pleaded with particularity according to Rule 9(b). *Ackerman*, 172 F.3d at 470. Having fallen short of this standard in both their first and second amended complaints, Plaintiffs' second amended complaint was properly dismissed with prejudice. *See Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011) (dismissal with prejudice was appropriate where the plaintiff "failed to follow basic instructions from the court" and "made almost no changes in each new version of his complaint").

Plaintiffs switch tactics in their reply and, rather than maintaining that the Court's dismissal of the second amended complaint was a manifest error of law, contend that reconsideration of the dismissal of Count II with prejudice would prevent manifest injustice. (R. 41, Pls.' Reply at 2.) Plaintiffs argue that the particularity required by Rule 9(b) "may vary on the facts of a given case" and contend that "their Second Amended Complaint stated sufficient

facts under *Pirelli* to at least allow amendment of their ICFA claim rather than warrant dismissal with prejudice." (*Id.* at 2-3) (quoting *Pirelli*, 631 F.3d at 442). The Court need not address the merits of this argument as Plaintiffs waived it by raising it for the first time in their reply brief. *See Mendez v. Perla Dental*, 646 F.3d 420, 423-24 (7th Cir. 2011) ("[I]t is well-established that arguments raised for the first time in the reply brief are waived."). For the sake of completeness, however, the Court notes that justice will not be served by allowing Plaintiffs to draw out this litigation by repeatedly failing to properly plead their claims. Although Plaintiffs seek leave to amend their complaint "to add additional specifics" to their ICFA claim, (R. 41, Pls.' Reply at 5), they have failed to provide a proposed amended complaint as they are required to do. *See Fannon v. Guidant Corp.*, 583 F.3d 995, 1002 (7th Cir. 2009) ("[I]f [a party] believes that the deficiencies the court has identified can be cured through an amended complaint, it must proffer that document to the court in support of its [Rule 59(e)] motion."); *Hecker*, 556 F.3d at 591 (plaintiff should attach amended complaint demonstrating the "exact nature of the amendments proposed" (quoting *Twohy v. First Nat'l Bank of Chi.*, 758 F.2d 1185, 1189 (7th Cir. 1985))). For the Court to conclude that denying Plaintiffs another bite at the apple will cause manifest injustice, it must be able to determine that Plaintiffs' next attempt will not be a waste of the Court's limited time and resources.

Even if Plaintiffs had attached a proposed amended complaint, however, the Court's denial of their motion for reconsideration would be appropriate because "Rule 59(e) motions may not be used to cure defects that could have been addressed earlier." *Fannon*, 583 F.3d at 1002. Plaintiffs do not contend that they have newly discovered any evidence, and the Court has already determined that its dismissal of the second amended complaint for failure to meet the

pleading requirements of Rule 9(b) was not an error of law. The Court thus finds no grounds upon which to reconsider its dismissal of the second amended complaint with prejudice.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs have not provided the Court with grounds to alter or amend its previous decision. Accordingly, Plaintiffs' motions to reconsider (R. 36, R. 37) are DENIED.

ENTERED: _____
Chief Judge Ruben Castillo
United States District Court

Dated: February 7, 2014